Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, New York 10017
T. (212) 209-3933
F. (212) 209-7102
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ETHEL GLORIA JENKINS,

                Plaintiff,

  - against -

GLOBAL ELECTION SERVICES, INC.,
GLOBAL ARENA HOLDING, INC.,
MARALIN FALIK, and
JOHN S. MATTHEWS,

            Defendants.

Case No.:   16 Civ. 6665

**COMPLAINT IN
AN FLSA ACTION**

---

Plaintiff, Ethel Gloria Jenkins ("Plaintiff"), by and through her undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Global Election Services, Inc., Global Arena Holding, Inc. (corporate defendant jointly referred to as "Global"), Maralin Falik, and John S. Matthews, individually (individual and corporate defendants collectively referred to herein as the "Defendants"), and states as follows:

### INTRODUCTION

1.    Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), she is entitled to recover from the Defendants: (1) unpaid wages and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law, she is entitled to recover from the Defendants: (1) unpaid wages and overtime compensation; (2) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (3) pre-judgment and post-judgment interest, and, (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.     Plaintiff is a resident of Queens County, New York.

6.     Upon information and belief, Defendant, Global Election Services, Inc., was and is a corporation existing and operating under the laws of the State of New York, with a principal place of business located at 850 Third Avenue, New York, New York 10022.

7.     Upon information and belief, Defendant, Global Arena Holding, Inc., was and is a corporation existing and operating under the laws of the State of New York, with a principal place of business located at 1500 Broadway, New York, New York 10036.

7.     Upon information and belief, Defendant, Maralin Falik, is an official, officer, director and/or managing agent of Global Election Services, Inc., whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of Global Election Services, Inc. and acted intentionally and maliciously and was plaintiff's "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. §

2

791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Global Election Services, Inc.

8.      Upon information and belief, Defendant, John S. Matthews, is an official, officer, director and/or managing agent of Global Election Services, Inc. and Global Arena Holding, Inc., whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of Global Election Services, Inc. and Global Arena Holding, Inc., and acted intentionally and maliciously and was plaintiff's "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Global Election Services, Inc. and Global Arena Holding, Inc.

9.      Global Election Services, Inc., is a wholly owned subsidiary of Global Arena Holding, Inc.

10.      The Corporate Defendants, Global, are joint-employers, pursuant to the FLSA and New York Labor Law.

11.      Plaintiff was employed by Defendants, in Queens County, New York in a clerical and administrative support role with the title "voter support specialist", commencing in or about 2002, through in or about August 2016.

12.      Global Election Services, Inc., provides election services to clients.

13.      Global Election Services, Inc. supports multiple methods of voting including, *inter alia*, paper ballots, internet voting, telephone voting, and combinations thereof.

14.      Upon information and belief, Global Election Services, Inc., is a successor company to Election Services Solutions, Inc., owned and operated through the same individual

or corporate management, and employed plaintiff continuously, commencing in 2002 through approximately August 2016.

15.     Upon information and belief, as successor, defendant Global Election Services, Inc., acquired and has continued, without interruption or substantial change, the business operations of the predecessor corporate entity, and is liable for the debts and liabilities of its predecessor.

16.     Defendant, Maralin Falik, exercised control over the terms and conditions of Plaintiff's employment in that she had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiff, and (v) otherwise affect the quality of the employees' employment.

17.     Defendant, John S. Matthews, exercised control over the terms and conditions of Plaintiff's employment in that he had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiff, and (v) otherwise affect the quality of the employees' employment.

18.     At all relevant times, Global was, and continues to be, an "enterprises engaged in commerce" within the meaning of the FLSA.

19.     Upon information and belief, at all times relevant to the allegations in this Complaint, the Defendants, both individually and jointly were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle,

4

sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

20.     During her employment with the Defendants, Plaintiff, Gloria Jenkins, worked in interstate commerce from her home-office in Queens County, New York.

21.     In connection with her employment, Plaintiff also traveled to hundreds of local elections.

22.     Plaintiff's duties and responsibilities included, among other things, keeping spreadsheets, answering the phone, composing correspondence, receiving and organizing/documenting daily mail deliveries, and conducting local elections.

23.     Plaintiff was required to travel to California to fulfill her duties and responsibilities for Global.

24.     In connection with her employment, plaintiff regularly transmitted material goods and information across state lines.

25.     In connection with her employment, Plaintiff utilized the internet, the telephones, the mails, and various modes of transportation to transmit information, tangible and intangible, nationally.

26.     At all times relevant to this litigation, Defendants were Plaintiff's employer within the meaning of the FLSA and the New York Labor Law.

27.     At all relevant times the work performed by Plaintiff was directly essential to the businesses operated by Global.

28.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned wages and overtime compensation, in contravention of the FLSA and New York Labor Law.

29.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

30.     In or about 2002, Plaintiff, Ethel Gloria Jenkins, was hired by Defendants to work as a voter support specialist and administrative assistant, for Defendants.

31.     Plaintiff, Ethel Gloria Jenkins, worked for the Defendants continuously beginning in 2002, through August 2016.

32.     During Plaintiff's employment by Defendants, she worked over forty (40) hours per week.  Plaintiff generally worked approximately sixty (60) hours per week. Plaintiff was always paid bi-monthly in the amount of two thousand seven hundred eight dollars and thirty-three cents ($2,708.33); she did not receive an overtime premium for hour worked above forty (40) each week.

33.     During Plaintiff's employment, she was paid by check. Work performed above forty (40) hours per week was not paid at time and one-half the plaintiff's regular rate as required by law.

34.     Plaintiff was not paid any wages for approximately twenty-two (22) weeks in which she worked, in 2016.

35.     Plaintiff did not receive the annual wage notices required by New York State regulations.

36.     Defendants, at times, improperly paid Plaintiff a "salary" for all hours worked.

37.     Defendants, at times, improperly designated "overtime" as "rent" and did not calculate overtime as one and one half times Plaintiff's regularly hourly rate of pay.

38.    Although she was a full time, and long term employee of Defendants, at times, Plaintiff was improperly classified as an "independent contractor."

39.    Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff for work performed over forty (40) hours in a workweek.

40.    At relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

41.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "40" of this Complaint as if fully set forth herein.

42.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43.    Plaintiff herself is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

44.    At all relevant times, the Defendants employed Plaintiff within the meaning of the FLSA.

45.    Upon information and belief, at all relevant times throughout Plaintiff's employment, Defendants had annual gross revenues in excess of $500,000.

46.    Plaintiff was entitled to be paid at the rate of time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

47.     At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at time and one-half Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

48.     Plaintiff did in fact work over forty (40) hours per week.

49.     Plaintiff typically worked approximately sixty (60) hours per week, and was required to do so, although she did not punch in and out and the employer did not otherwise keep accurate records of her weekly working hours.

50.     Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess forty (40) per week.

51.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff for her lawful overtime wages for hours worked when they knew or should have known such was due and that non-payment of such would financially injure Plaintiff.

52.     Plaintiff was not paid any wages during approximately twenty-two (22) weeks, despite acknowledging that wages were owed and repeated assurances that such wages would be paid.

53.     Defendants failed to make, keep, and preserve accurate records with respect to Plaintiff sufficient to determine her hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

54.     Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken

promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

55.     Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

56.     As a direct and proximate result of the Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

57.     Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages, and prejudgment interest thereon.

58.     Plaintiff is entitled to an award of her reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

59.     Defendant, Maralin Falik, is an individual who, upon information and belief, manages Global, and controls all business decisions at Global, including but not limited to, the decisions of what compensation the employees will receive and the number of hours the employees, including Ms. Jenkins, will work.

60.     Defendant, John S. Matthews, is an individual who, upon information and belief, manages Global, and controls all business decisions at Global, including but not limited to, the decisions of what compensation the employees will receive and the number of hours the employees, including Ms. Jenkins, will work.

61.     At all relevant times herein, Plaintiff performed her duties for Global under the direction and control of Defendants Maralin Falik and John S. Matthews.

62.     At all relevant times herein, Defendants Maralin Falik and John S. Matthews, jointly, made decisions as to hiring, firing, and as to wages, and acted as Plaintiff's employer as such term is used for purposes of the FLSA.

## COUNT II
### [Violation of the New York Labor Law]

63.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "62" of this Complaint as if fully set forth herein.

64.     At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

65.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff wages for all weeks worked, and overtime compensation at rates of not less than one and one-half times her regular rate of pay, for each hour worked in excess of forty (40) hours in all applicable workweeks.

66.     Defendants did not provide Plaintiff with a document or written statement accurately accounting for her actual hours worked, and setting forth her hourly rate of pay, regular wages, and/or overtime wages.

67.     Plaintiff was not paid wages for all weeks worked.

68.     Plaintiff was not paid overtime compensation for all weeks worked in excess of forty (40) hours, which was virtually every workweek.

69.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

70.     Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages, reasonable attorneys' fees, and costs and

disbursements of this action, pursuant to New York Labor Law § 663(1) *et al*. and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).


### COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

71.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "70" of this Complaint as if fully set forth herein.

72.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

73.     Plaintiff was not provided with a proper wage notices and wage statements as required by law.

74.     Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

### PRAYER FOR RELEIF

WHEREFORE, Plaintiff, Ethel Gloria Jenkins, respectfully requests that this Court grant the following relief:

(a)     An award of unpaid wages and overtime wages due under the FLSA and New York Labor Law;

(b)     An award of liquidated damages as a result of Defendants' willful failure to pay wages and overtime compensation pursuant to 29 U.S.C. § 216;

(c)     An award of liquidated damages as a result of Defendants' willful failure to pay wages and overtime compensation, pursuant to the New York Labor Law;

(d)    An award of prejudgment and post-judgment interest;

(e)    An award of costs and expenses of this action with reasonable attorneys' fees;,

(f)    Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       December 1, 2016

Respectfully submitted,

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com

By:    _____
       Peter H. Cooper (PHC 4714)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Ethel Gloria Jenkins_, am an employee currently or

formerly employed by _Global Electric Services_, and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_____11/17_____, 2016

_Ethel G. Jenkins_